# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADAM WAYNE NELSON,

        Defendant-Appellant.

UNPUBLISHED
April 28, 2016

No. 325708
Mason Circuit Court
LC No. 14-002844-FH

---

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted of domestic assault (third offense), MCL 750.81(4), after a jury trial and was sentenced as a habitual offender (third offense) to 3 to 10 years' imprisonment, MCL 769.11. He appeals as of right. We affirm defendant's conviction but remand to the trial court to determine whether resentencing is appropriate under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

First, defendant argues that he was denied the effective assistance of counsel when his trial counsel elicited testimony about prior occasions when defendant used violence against the victim or attempted to steal the victim's prescription medications. The issue is not preserved, and our review is limited to mistakes apparent on the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

Generally, to establish the ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *People v Pickens*, 446 Mich 298, 309; 521 NW2d 797 (1994), citing *Strickland v Washington*, 466 US 668, 669, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Effective assistance of counsel is strongly presumed and the defendant bears the burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). On matters of trial strategy, defense counsel has wide discretion, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012), and this Court will not substitute its judgment for that of counsel, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant failed to demonstrate that his representation fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 309. At trial, defense counsel's theory of the case was

-1-

that the victim's testimony was not credible and that the instant domestic assault did not happen. It is clear from defense counsel's other questions and arguments at trial that evidence of defendant's past actions was introduced in order to portray the victim as unbelievable. Decisions about what evidence to present and how to question witnesses are presumed to be matters of trial strategy, *Horn*, 279 Mich App at 39, and "[a] failed strategy does not constitute deficient performance," *Petri*, 279 Mich App at 412. Defendant has not demonstrated that counsel's performance fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 309.

Even if we disagreed, defendant also failed to show that there is a reasonable probability that, but for counsel's decision to introduce evidence of defendant's past behavior, the result of the proceeding would have been different. *Id.* at 309. The record contains significant evidence supporting defendant's conviction, and defendant does not offer any evidence to show that the outcome of the proceeding would have been different without the evidence of his past actions. Mere speculation as to a different outcome is not sufficient to show prejudice. *Avant*, 235 Mich App at 508. Therefore, defendant's ineffective assistance of counsel claim fails.

Second, defendant argues that the trial court violated his Sixth Amendment right to a jury trial when it relied on facts not found by the jury or admitted by defendant when scoring his OVs under the sentencing guidelines. In *Lockridge*, 498 Mich 358, our Supreme Court extended the rule of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), to Michigan's mandatory minimum sentencing guidelines and concluded that Michigan's sentencing scheme violated the Sixth Amendment right to a jury trial. According to the *Lockridge* Court, Michigan's sentencing scheme was constitutionally deficient to the extent "to which the guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that mandatorily increase the floor of the guidelines minimum sentence range." *Id.* at 364. To remedy the deficiency, the Court held that the guidelines are advisory only. *Id.* at 399.

Under *Lockridge*, "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Lockridge*, 498 Mich at 395. "To make a threshold showing of plain error that could require resentencing, a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range." *Lockridge*, 498 Mich at 399.

At sentencing, defendant was scored with a total prior record variable (PRV) score of 25 points (Level D) and a total OV score of 65 points (Level V). To convict defendant of domestic assault under MCL 750.81(4), the jury was required to find that defendant assaulted or assaulted and battered the victim; that the victim was his spouse or former spouse, an individual with whom he has or has had a dating relationship, an individual with whom he has had a child in common, or a resident or former resident of his household; and that defendant had two or more previous convictions for assaulting or assaulting and battering the victim.

Under MCL 777.33, OV 3 can be scored at 10 points when a "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.34 provides that 10 points should be assessed for OV 4 where "[s]erious psychological injury requiring professional treatment occurred to a victim." Under MCL 777.40, 10 points should be assessed for OV 10 where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." Under MCL 777.49, OV 19 can be scored at 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." The jury did not find, and defendant did not admit, that the victim suffered a bodily injury requiring medical treatment (OV 3) or a serious psychological injury requiring professional treatment (OV 4), or that defendant exploited the victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or defendant abused his authority status (OV 10), or that defendant interfered with or attempted to interfere with the administration of justice (OV 19). Accordingly, the trial court's scoring of OVs 3, 4, 10, and 19 was based on facts not found by the jury or admitted by defendant. Moreover, the 55 points attributable to the scoring of OVs 3, 4, 10, and 19 affect defendant's placement in the cell of the sentencing grid under which he was sentenced. Had OVs 3, 4, 10, and 19 not been scored, defendant's OV score would be reduced to 10 points, placing him in OV Level II (10 to 24 points) instead of OV Level V (50 to 74 points). Thus, the facts admitted by defendant or found by the jury were insufficient to assess the minimum number of OV points for a defendant's score to fall into the cell under which he was sentenced. *Lockridge*, 498 Mich at 394.

The trial court's scoring of OV 13 was based on facts found by the jury and admitted by defendant. MCL 777.43(1)(d) permits a court to score OV 13 at 10 points if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." Defendant's instant conviction is his third conviction for domestic assault, which qualifies as a crime against a person. MCL 777.16d. At sentencing, defendant acknowledged that he had two prior convictions for domestic assault. Therefore, the trial court's scoring of OV 13 did not rely on facts not found by the jury nor admitted by defendant and thus did not constrain defendant's Sixth Amendment rights. *Lockridge*, 498 Mich at 394.

We affirm defendant's conviction but remand to the trial court to determine whether resentencing is appropriate. *Lockridge*, 498 Mich at 395. On remand, the trial court must consider whether, but for the constitutional error, it would have imposed a materially different sentence. *Id*. at 397. If it would have, defendant shall be resentenced. *Id*. Defendant is entitled to avoid resentencing by promptly notifying the trial court that resentencing will not be sought. *Id*. at 398. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-3-